IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** as Broadcast Licensee of the May 2, 2015 Floyd Mayweather, Jr. v. Manny Pacquiao "The Fight of the Century" Championship Fight Program, <br><br> Plaintiff, <br><br> v. <br><br> **ROCIO DIAZ,** individually and d/b/a Mi Fondita Restaurant, and d/b/a Mi Fondita Restaurante, <br><br> Defendant. | § § § § § § § § § § § § § § § § | Civil Action No. **3:18-CV-1076-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Final Default Judgment (Doc. 7), filed August 24, 2018. After carefully considering the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Final Default Judgment (Doc. 7).

**I.     Background**

J&J Sports Productions, Inc., ("J&J" or "Plaintiff") sued Rocio Diaz ("Defendant") in this action. Plaintiff sued Defendant for alleged violations of 47 U.S.C. §§ 553 and 605. J&J contends that Defendant illegally intercepted the closed-circuit telecast of the May 2, 2015 Floyd Mayweather, Jr. v. Manny Pacquiao "The Fight of the Century Championship Fight Program" (the "Event") and exhibited the Event in Defendant's Establishment, Mi Fondita Restaurant, d/b/a Mi Fondita Restaurante, located at 839 W. Jefferson Boulevard, Dallas, Texas 75211. According to J&J, Defendant did not pay the required licensing fee to J&J and did not receive its authorization to show the Event. The Summons and Complaint were served on Defendant on June 12, 2018.

**Memorandum Opinion and Order – Page 1**

The deadline for Defendant to answer or otherwise respond was 21 days after service, which was July 3, 2018. *See* Fed. R. Civ. P. 12. Despite being served, Defendant, as of the date of this opinion and order, has not served an answer or otherwise responded to Plaintiff's Original Complaint ("Complaint").

J&J was the exclusive licensee through a licensing agreement, and Defendant did not have authorization from J&J to show the Event at his establishment. Plaintiff possessed the proprietary right to exhibit and sublicense the Event through a licensing agreement with the promoter of the Event. As such, J&J was licensed to show the Event at closed-circuit locations throughout the state of Texas, and the Event was legally available to a commercial establishment in Texas only if the commercial establishment had an agreement with J&J. No agreement between J&J and Defendant existed that would have allowed Defendant to broadcast the Event to patrons at Defendant's establishment. On May 2, 2015, Defendant intercepted, or assisted in the interception of, the transmission of the Event and broadcast or aired it for viewing by the patrons of Defendant's establishment. Plaintiff's auditor observed the Event being telecast on one television to at least 53 patrons at Defendant's establishment.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Defendant.

Defendant, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established

facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* (citation omitted).

Further, based upon the record, evidence, and applicable law, the court concludes that Defendant has violated 47 U.S.C. §§ 553 and 605, that J&J is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Defendant's statutory violations. Accordingly, the court determines that Defendant is liable to J&J in the amount of $5,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and J&J shall recover this amount from Defendant. Further, the court determines that an additional $25,000 shall be awarded to J&J, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), because the record reflects that Defendant's actions were willful and for the purpose of direct or indirect commercial advantage or private financial gain. Moreover, the court determines that such damages are necessary to deter Defendant and other commercial establishments and entities from pirating or stealing protected communications.

The court also concludes that J&J is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 1/3 percent of the damages awarded. The court does not believe that such a fee is reasonable under the circumstances of the case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel, Mr. David M. Diaz, in this case for legal services performed. Plaintiff's counsel estimates that he has expended approximately four hours on this litigation and

believes that a blended hourly rate of $300 is reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel's law firm and agrees that an hourly rate of $300 is certainly reasonable under the circumstances of this case. The court has awarded $250 per hour for several years in prior cases handled by Mr. Diaz, and it believes that a more appropriate current rate is $300 per hour. Accordingly, the court awards Plaintiff $1,200 as reasonable attorney's fees in this case. The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees is speculative and unknown. If additional hours are expended postjudgment, Plaintiff will have an opportunity to seek such fees.

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment (Doc. 7). As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Defendant and in favor of J&J in the total amount of $31,200, which consists of $5,000 as statutory damages; $25,000 additional statutory damages; and $1,200 as reasonable attorney's fees. Postjudgment interest will accrue on the judgment at the applicable federal rate of **2.44 percent** from the date of its entry until it is paid in full.

**It is so ordered** this 30th day of August, 2018.

Sam A. Lindsay
United States District Judge